# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLAM L. RAMSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-1148-TWP-DKL |
| | ) | |
| SUPERINTENDENT BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY REGARDING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner William L. Ramsey's ("Mr. Ramsey") Petition for Writ of Habeas Corpus  (Dkt. 1) challenging a prison disciplinary proceeding identified as No. NCF 13-03-0009.  For the reasons explained in this Entry, Mr. Ramsey's Petition must be **denied**.

## I.  OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process.  The due process requirement is satisfied with the issuance of advance written notice of the charges at least 24 hours before a hearing, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt.  *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. <u>THE DISCIPLINARY PROCEEDING</u>

On March 3, 2013, Chaplain Kathy Williams ("Chaplain Williams") wrote a Report of Conduct in case NCF 13-03-0009 charging Mr. Ramsey with trafficking.  The Report of Conduct states:

> On Sunday, March 3, 2013 @ 1:45 PM, Offender William Ramsey, 973714, I3-228, handed a folded note to Chaplain Kathy Williams.  The note (attached) offers to pay Chaplain Williams for transferring money from an account and includes an email address, password, and account PIN number.  Chaplain Williams contacted the duty office at 1:55 PM and spoke with Lt. L. Wadeking and Cpt. G. Thompson.  Lt. Wadeking took possession of the original note.  A copy is attached.

On March 4, 2013, Mr. Ramsey was notified of the charge and given a copy of the Report of Conduct and the screening report.  He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate.  He did not request any witnesses and noted that he would bring physical evidence.

A hearing was conducted on March 7, 2013.  A disciplinary hearing officer found Mr. Ramsey guilty of trafficking.  In finding Mr. Ramsey guilty, the hearing officer considered the staff reports, Mr. Ramsey's statements, request slips, and Mr. Ramsey's letter.  Mr. Ramsey stated that "[t]he letter was not to her.  I was just asking for advice.  I have sent in requests an (sic) the (sic) won't help me.  I don't have anyone on the outside to help me.  I got to pay my property tax or they will take my house."  The hearing officer stated that based on the Report of Conduct, the evidence, Mr. Ramsey's statement, and Mr. Ramsey's note on the letter to "please destroy this when you are done," Mr. Ramsey was guilty.

Mr. Ramsey was sanctioned with time served in disciplinary segregation, a 45 day loss of commissary and phone privileges, a 180 day deprivation of earned credit time, and a demotion from credit class I to credit class II.  These sanctions were imposed because of the seriousness

and nature of the offense and the degree to which the violation disrupted and endangered the security of the facility.

Mr. Ramsey appealed this disciplinary proceeding through the administrative process without success.  He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

## III.  ANALYSIS

Mr. Ramsey asserts the following claims: 1) he was not given 24 hours' notice before his disciplinary hearing; 2) the evidence he requested was not provided and it was altered; 3) the decision maker was not impartial; and 4) Chaplain Williams had a conflict of interest and should have been fired.

Mr. Ramsey's claim that he was not given sufficient notice requires little discussion.  Mr. Ramsey was notified of the charge on March 4, 2013, and the hearing was held on March 7, 2013.  He was provided more than the required 24 hours' notice before the hearing.

Mr. Ramsey's second claim is that he was not provided a copy of the letter he had written.  He contends that when the letter was given to him after the hearing, he noticed that several lines of text had been crossed out.  He asserts that the crossed out portion read "I am in the same dorm as your brother.  Your brother said you might be able to help me."  Mr. Ramsey argues that he had given a rough draft of a letter to Chaplain Williams and that he was only asking for her advice and her prayers about a tough situation.  Apparently, the letter was intended to ultimately be given to someone else outside the facility, not the Chaplain.  Mr. Ramsey argues that the crossed out lines made it appear that the letter was intended for the Chaplain, which he asserts was not true.

As far as Mr. Ramsey's request for evidence is concerned, the screening report reflects that he did not request a copy of the letter when screened on the charge.  Therefore, he could not be denied evidence that he had not requested.  To the extent Mr. Ramsey now argues that the letter was altered, the lines that were allegedly crossed out did not change the fact that Mr. Ramsey was attempting to traffic.  Even if the letter was not written to Chaplain Williams, the charge of trafficking is still supported by the Report of Conduct and the letter.  There is no due process violation under these circumstances.

Mr. Ramsey's third claim is that he was supposed to have been given a hearing before impartial decision maker**s**.  He argues that he appeared before only a single decision maker.  There is no due process requirement that the conduct board consist of more than one individual.  To the extent Mr. Ramsey also argues that the hearing officer was not impartial, he has asserted no factual basis for such claim.  A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges.  *Piggie,* 342 F.3d at 667.  Mr. Ramsey does not assert that the hearing officer in this case had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report.  This claim is without merit.

Mr. Ramsey's final claim is that if he did in fact traffic with Chaplain Williams, her employment should have been terminated.  He also alleges that Chaplain Williams had some type of conflict of interest.  These claims are dismissed as frivolous.

Some of Mr. Ramsey's claims could also be interpreted as a challenge to the sufficiency of the evidence.  The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance."  *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show

culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). In this case, the Report of Conduct and the letter in which Mr. Ramsey offered to pay someone to have money sent to him from an Ivy Tech debit card account constituted sufficient evidence to find Mr. Ramsey guilty of trafficking.

## IV. <u>CONCLUSION</u>

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Ramsey's Petition for Writ of Habeas Corpus (Dkt. 1) must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 11/04/2013 _____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William L. Ramsey, #973714
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana   47362

Kyle Hunter
INDIANA ATTORNEY GENERAL'S OFFICE
kyle.hunter@atg.in.gov